1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2  Name __Doss__ __Jimmie__ __L.__
     (Last)        (First)      (Initial)

**FILED**
FEB 20 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

4  Prisoner Number __#AM9281__

5  Institutional Address __p.o. Box 290066 / Represa, CA. 95671__

(PR)

===========================================================

CW

7  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA

8  mk.

9  __Jimmie L. Doss Jr.__
   (Enter the full name of plaintiff in this action.)

   **CV 14 0778**

10  vs.

   Case No. _____
   (To be provided by the Clerk of Court)

11  #1): __Loki Curran (Richmond officer) et. al;__

12  #2): __Miguel Chavez (Juvenile p.o. Agent) et. al__

   COMPLAINT UNDER THE
   CIVIL RIGHTS ACT,
   Title 42 U.S.C § 1983

13  #3): __Christopher Martin (counsel)__

14  #4): __David Livingston (Sheriff); #5): Sheriff ofo et.al;__
   (Enter the full name of the defendant(s) in this action)

   __Trial Requested.__
   — or —
   __Settlement.__

15  #6): __Richmond police Dept.__

16  [All questions on this complaint form must be answered in order for your action to proceed..]

17  I.   Exhaustion of Administrative Remedies.

18       [Note: You must exhaust your administrative remedies before your claim can go

19       forward. The court will dismiss any unexhausted claims.]

20       A.   Place of present confinement __C.S.p - Sacramento / p.o. Box 290066 / Represa, CA. 95671__

21       B.   Is there a grievance procedure in this institution?

22            YES (X)   NO ( )   N/A.

23       C.   Did you present the facts in your complaint for review through the grievance

24            procedure?  N/A.

25            YES ( )   NO (X)

26       D.   If your answer is YES, list the appeal number and the date and result of the

27            appeal at each level of review. If you did not pursue a certain level of appeal,

28            explain why.

COMPLAINT                    - 1 -

1. Informal appeal _____ N/A _____

2. First formal level _____ N/A _____

3. Second formal level _____ N/A _____

4. Third formal level _____ N/A _____

E. Is the last level to which you appealed the highest level of appeal available to you? N/A —
   YES ( )   NO (X)

F. If you did not present your claim for review through the grievance procedure, explain why. This is Not A institutional claim it's A False imprisonment claim.

II. Parties.

A. Write your name and your present address. Do the same for additional plaintiffs, if any.
Mr. Jimmie L. Doss, Jr. #AM9281
P.O. Box 290066
Represa, CA. 95671.

B. Write the full name of each defendant, his or her official position, and his or her place of employment.
#1): Lori Curran - (Richmond police Dept) "officer"
#2): Miguel Chavez (Juvenile probation dept.)

COMPLAINT                              - 2 -

#3):
1. CHRISTOPHER MARTIN (COUNSEL) 54 RAILROAD AVE. pt. RICHMOND, CA.
2. #4): DAVID LIVINGSTON (SHERIFF) DEPT "CONTRA COSTA COUNTY" ET. AL;
3. #5): RICHMOND POLICE DEPT. ET. AL;
4.
5. III.   Statement of Claim.
6.       State here as briefly as possible the facts of your case. Be sure to describe how each
7. defendant is involved and to include dates, when possible. Do not give any legal arguments or
8. cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9. separate numbered paragraph.
10. PETITIONER (MR. DOSS) ALLEGES LAW ENFORCEMENT
11. OFFICER'S, JUVENILE PROBATION OFFICERS, SHERIFF(S) DEPT
12. OF CONTRA COSTA COUNTY, CONTRA COSTA COUNTY PROSECUTOR'S,
13. AS WELL AS THE STATE OF CALIFORNIA ET. AL... HAS
14. STRATEGICALLY, AND/OR METHODICALLY CONSPIRED TO
15. "KIDNAP," AND "FALSE IMPRISON" ME (MR. DOSS) BY
16. WAY OF FRAUD, DECEPTION, MISCONDUCT, ABUSE OF
17. POWER BY STATE OFFICIAL'S ACTING UNDER THE COLOR
18. OF LAW, AND/OR WILLFUL "COVER" UP'S, TO FURTHER THEE
19. "ILLEGAL DETENTION," AS WELL AS THE CONDUCT OF ALL
20. THOSE INVOLVED; (AS SHOWN IN THIS COMPLAINT)
21.
22. PETITIONER FURTHER ASSERTS THAT STATE OFFICIAL'S HAS
23. IV.   Relief.
24.       Your complaint cannot go forward unless you request specific relief. State briefly exactly
25. what you want the court to do for you. Make no legal arguments; cite no cases or statutes.
26. PETITIONER (MR. DOSS) REQUEST $300,000.00 FROM EACH (#1) AND (#2)
27. DEFENDANT AND $100,000.00 FROM "RICHMOND POLICE DEPT, AND/OR
28. "COUNTY SHERIFF OFFICE" WHO EMPLOY'S DEFENDANT'S OR WHO HELD ME
(MR. DOSS) ILLEGALLY... EACH ACT UNDER COLOR OF LAW.
$50,000.00 FROM (C. MARTIN) FOR ABONDANMENT

COMPLAINT                              - 3 -

page #(1) of (6).
CLAIM ONE (1).

1
2
3  /SAME/
4
5  I declare under penalty of perjury that the foregoing is true and correct.
6
7  Signed this __29TH__ day of __JAN__, 20_14_
8
9  ___Mr. Jimmie L. Doss, Jr.___
10                (Plaintiff's signature)

COMPLAINT                    - 4 -

1). - FAILED TO CORRECT, OR ACKNOWLEDGE THE COURSE OF ACTION
2). OF THOSE WHOM HAS CONTINUE TO WILLFULLY, AND/OR METHODICALLY
3). VIOLATE MY (MR. DOSS) CIVIL RIGHTS AFFORDED UNDER THE U.S.-
4). CONSTITUTION 14TH AMENDMENT SEC #(1) ONE: DUE-PROCESS AND
5). PROTECTION LAWS;
6). AS WELL AS: 13TH AMENDMENT SEC #(1) ONE: INVOLUNTARY SERVITUDE
7). LAWS;
8).  AND/OR: 5TH AMENDMENT RIGHTS (NOT TO BE HELD TO ANSWER
9).         FOR A CAPITAL OR OTHERWISE INFAMOUS CRIME, UNLESS
10).        ON A PRESENTMENT OR INDICTMENT OF A GRAND JURY.
11).
12). WHICH FURTHER RESULTED IN A VIOLATION OF U.S.-CONSTITUTIONAL
13). SIXTH AMENDMENT RIGHT TO A (SPEEDY TRIAL) AND RIGHT TO A
14). (DEFENSE COUNSEL.)
15).     SEE FACTS OF CASE BELOW FOR FULL DETAILS
16).

## Facts of Case

18).
19).    PETITIONER (MR. DOSS) ALLEGES OFFICER (LOKI CURRAN) OF:
20). RICHMOND CALIFORNIA POLICE DEPT CONSPIRED WITH AN "JUVENILE"
21). PROBATION OFFICER NAMED: (MIGUEL CHAVEZ) TO PUT OUT A "UNJUST"
22). "WARRANT" WITHOUT (JURISDICTION, AUTHORITY, OR CAUSE,
23).    RESULTING IN AN "ILLEGAL HOLD", AND "FALSE IMPRISONMENT"
24). AS A FAVOR FOR LAW ENFORCEMENT'S (LOKI CURRAN). TO SOLELY ALLOW
25).
26).



page #(3) of (6).
claim #1.

1). - Richmond police Dept to hold (Mr. Doss) beyond the
2). 48-hour investigational time required under (Ramey Law).
3).
4). petitioner (Mr. Doss) alleges officer (Loki Curran) was
5). granted a Ramey warrant by Judge:
6). of Contra Costa County Superior Court on:
7). To simply question (Mr. Doss) on a murder investigation, and
8). release him within 48-hours.
9).
10). petitioner alleges officer (Loki Curran) knew I (Mr. Doss)
11). was on "Adult probation," not Juvenile, and thus, contacted a
12). Juvenile agent (Miguel Chavez) to obtain a "Judicial favor" in
13). the form of a "false" probation violation warrant
14).
15). petitioner alleges that the conspiracy is documented on
16). police reports by defendant (Loki Curran); as Exhibit #(A). report...
17). whereas the report states:
18). Dec 18, 2009. 1330 hrs.
19).     While reviewing (Doss) criminal history, I
20).     determined that he was on active probation
21).     for a prior robbery conviction.
22).     In an effort to determine where (Doss)
23).     might be living, I (L. Curran) telephoned
24).     probation officer (Miguel Chavez) and outlined
25).     to him the facts of the case. P.O. (Chavez)
26).

1). — PROVIDED ME WITH TWO ADDRESSES;
2). 709 SOUTH 41st STREET, AND 1623 GARAMITA AVE.
3). IN RICHMOND.
4). EFFORTS TO CONTACT (DOSS) AT BOTH WERE
5). UNSUCCESSFUL. THE GARAMITA STREET ADDRESS WAS
6). DETERMINED TO BE VACANT AND BOARD UP. UPON BEING
7). TOLD THIS INFORMATION, P.O. (CHAVEZ) AGREED TO HAVE A
8). PROBATION WARRANT FOR (DOSS) PLACED IN CLETS.
9).
10).
11). PETITIONER (MR. DOSS) ALLEGES P.O. (CHAVEZ) "IS" NOT
12). AND "WAS" NOT (HIS) AGENT OF PROBATION, AND INFACT WAS A
13). "JUVENILE" PROBATION AGENT, "NOT" ADULT, THUS "LACKED" ANY
14). "CAUSE," OR "JURISDICTION" TO ISSUE A WARRANT
15).
16). PETITIONER ALLEGES HIS (MR. DOSS) "ADULT" PROBATION AGENT
17). OF RECORD WAS (MS. BARBARA LUTZ) WHOM "NEVER" MOVED
18). TO VIOLATED (MR. DOSS) PROBATION, THUS CONCLUDING (MR. DOSS)
19). WAS WELL IN CONTACT, AND/OR COMPLIANCE WITH (MS. LUTZ)
20). RULES OF CONSTRUCTION. WHOM (MR. DOSS) HAD TO SEE ON A
21). REGULAR BASES, AND KEEP CURRENT ADDRESSES UP DATED.
22).
23). PETITIONER FURTHER ASSERTS THAT OFFICER (LORI CURRAN)
24). UTILIZED JUVENILE PROBATION OFFICER (MIGUEL CHAVEZ) TO
25). PUT OUT AN UNJUST WARRANT WHICH PROVED TO BE ILLEGAL
26).



page (5) of (6).
claim # 1.

1). — on Court Record's
2).     Whereas, "no" Revoke petition's, Holding order's, ok
3).  Hearing's were Filed or Heard Between (Jan 1st thru —
4).  Jan 28th, 2010.
5).
6).     Thus Concluding, That I (mr. Doss) was Illegally
7).  "Held", and/or "False Imprisoned" for 28-days without a
8).  charge, or valid Holding order.
9).
10).    See: Exhibit #(B.) "motion" of ex-counsel (Laureen Bethards)
11).              Investigation of Record's Result's page (1) line # 17-
12).              thru - 28.
13).
14).    See: Exhibit #(C.) "Letter" of (2nd) ex-counsel (Christopher Martin)
15).              showing his Correspondence, and Investigation
16).              Result's, As He Call's it "outrageous governmental
17).              misconduct."
18).
19).
20).    Petitioner (mr. Doss) alleges officer (Lori Curran) and/or
21).  P.O. (Chavez) Both strategically Abused their respective position's
22).  of power to simply utilize unjust, illegal probation warrant to
23).  arrest and False Imprison (mr. Doss) without a "Charge," violation, or
24).  "Bail" and "Counsel" ever being afforded;
25).
26).

page (6) of (6).
claim #2.

1). - Petitioner alleges officer (Loki Curran) was issued
2). a simple "Ramey" investigational warrant to interview me
3). (Mr. Doss) for 48 hours only, then release...
4).
5).     officer (Loki Curran) then well aware of (Mr. Doss)
6). adult probation status, and instead of contacting (Mr. Doss),
7). or, his adult agent (Barbara Lutz) to request (Mr. Doss) come
8). and speak to them, or to get any up dated addresses (B. Lutz)
9). may have had, opted to utilize a "favor" in the form of the
10). "juvenile probation" officer (Miguel Chavez) to deceptively hold
11). (Mr. Doss) pass the 48-hour Ramey requirements to the tune
12). of 28 day with "No" charges, "No" revoke petitions, "No" counsel,
13). "No" bail or hearings, thus "No" holding order...
14).
15).
16). Petitioner (Mr. Doss) asserts County Jail officials
17). operating under "Contra Costa County" Sheriff (David O. Livingston),
18). (assistant sheriff) Matt Schuler, et.al;
19).     held me (Mr. Doss) in "illegal detention" from (Jan 1st
20). - thru (Jan 28th, 2010, which resulted in the present detention...
21).
22). Petitioner alleges there was "No" valid, or "legal holding order"
23). to hold me (Mr. Doss) in confinement, thus constituting civil rights
24). violation/s by way of "false imprisonment."
25).
26).

"GROUND/CLAIM #(2)                                      Claim #2.
"RIGHT TO ADEQUATE COUNSEL."

1). Appointed State Attorney (Christopher Alan Martin)
2). of: Richmond California, ~ whom has continued to Render
3). professionally deficient Representation, By willfully, and/or
4). intentionally ignoring, or Refusing to Adequately argue, or
5). motion the "Superior Court" of Contra Costa County for my
6). (mr. Doss) Release from "Illegal Detention,"
7).
8). Petitioner (mr. Doss) Further Alleges to have Filed
9). a "motion to Dismiss" penal code 995 for illegal detention
10). By "outrageous governmental misconduct" under: Rochin v.
11). California (1952) 342 U.S. 165. and/or violation of: People v.
12). Powell (1967) 67 Cal.2d 32, 59-60; penal code §858, §859, §847,
13). §825.
14).     All of which was Filed By me (mr. Doss) and/or ex-counsel
15). mr. Bethards on Jan 26, 2012
16).     yet the motion's Filed were "not" Heard, or Ruled on,
17). due to counsel Being Relieved, and new counsel (C. Martin)
18). "Defendant" Being Appointed
19).     yet, new counsel (C. Martin) has continued to Exhibit
20). knowledge of the (Illegal Detention) and/or (Doss motions)
21). "Filed," But, "not" litigated as to Date.
22).     yet Defendant (C. Martin) Refuse to continue the
23). Competent work of ex-counsel (mr. Bethards);
24).     thus showing, Attorney Abandonment, and a Direct willful
25). violation of Strickland v. Washington (1984) 466 US 668, 688, 80 L.Ed
26).

Grounds/Claim #2
"Right to Adequate Counsel."                    page (2) of (2).
                                                 Claim #2.

1).    - 2d 674, 693, 104 S. Ct. 2052; ("Right to Competent Counsel;")
2).
3).    In re Marquez (1992) 1 C 4TH. 584, 596 3 CR 2d 727.
4).    In re Vargas (2000) 83 C.A. 4TH. 1125, 1152, 100 C.R. 2d 265.
5).        (Inadequate Investigation and Ineffective Representation;)
6).
7).
8).        Petitioner (mr. Doss) alleges counsel (Christopher Martin)
9).    has continued "not" to "investigate" and/or adjudicate the "False
10).   Imprisonment" and "Speedy Trail Violation" ex-counsel filed
11).   but did "not" litigate the issues due to ex-counsel being removed
12).   from the case before the motion was heard.
13).
14).       Now, new counsel (Christopher Martin) refuse to do
15).   any work on this case; resulting in a "Six," and "Fourteen" Amendment
16).   violation's of (mr. Doss) U.S.-Constitutional mandate.
17).
18).
19).
20).
21).
22).
23).
24).
25).
26).