IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JIMMIE L. DOSS, JR.,

    Plaintiff,

  v.

LORI CURRAN, et al.,

    Defendants.

Case No.: C 14-0778 CW (PR)

ORDER OF DISMISSAL

INTRODUCTION

Plaintiff, a state prisoner incarcerated at the California State Prison in Sacramento (CSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief for alleged constitutional violations that resulted in his criminal conviction. Plaintiff has filed a motion to proceed in forma pauperis, which is granted in a separate order.

DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II. Plaintiff's Claims

Plaintiff alleges that Defendants Richmond Police Officer Lori Curran, Juvenile Probation Officer Miguel Chavez, Richmond Sheriff David Livingston, the Contra Costa County Sheriff's Department and the Richmond Police Department violated his constitutional rights by issuing an illegal warrant against him, illegally arresting him and falsely imprisoning him from January 1, 2010 to January 27, 2010. This "illegal detention" led to the charges for which Plaintiff is now in prison. Comp. at 6; Ex. B, Jan. 25, 2012 Motion to Dismiss Criminal Charges Against Plaintiff (arguing for dismissal of present charges against Plaintiff due to previous illegal detention). Plaintiff alleges that Defendant Christopher Martin, his defense counsel, provided deficient representation by failing to argue for Plaintiff's release from detention based on false imprisonment and a speedy trial violation. Plaintiff seeks money damages from each Defendant.

Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The United States Supreme Court has held that to recover damages in a suit under § 1983 for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id.  A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id.

If Plaintiff's claims that Defendants violated his constitutional rights by issuing an illegal warrant, illegally arresting him and falsely imprisoning him are proven true, this would imply the invalidity of his conviction.  Because Plaintiff is presently an inmate at CSP, it is clear the conviction has yet to be invalidated.  Until then, the claims are barred by Heck. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him).  Plaintiff's claim for ineffective assistance of counsel is also barred by Heck because success on it would call into question the validity of Plaintiff's conviction that is now in place.

    A petition for a writ of habeas corpus is the exclusive method by which a person may challenge in this court the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Before he may file a federal petition, however, Plaintiff must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court.  See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

CONCLUSION

For the foregoing reasons, this action is DISMISSED. This dismissal is without prejudice to Plaintiff filing a new action if his criminal conviction is set aside. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 3/18/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE