IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE L. DOSS, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>LORI CURRAN, et al.,<br><br>    Defendants. | Case No. C 14-0778 CW (PR)<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT<br><br>Docket no. 9 |

Plaintiff, a state prisoner incarcerated at the California State Prison in Sacramento (CSP), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief for alleged constitutional violations by law enforcement officers in Contra Costa County and his defense attorney.  On March 18, 2014, the Court dismissed Plaintiff's case on the ground that it was barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) because it appeared from his complaint that he was seeking damages for constitutional violations that would render his conviction or sentence invalid.  Doc. no. 3.  On March 31, 2014, Plaintiff filed a notice of appeal.  Doc. no. 5.  On April 1, 2014, the Ninth Circuit assigned case number 14-15625 to Plaintiff's appeal.  Doc. no. 6.  On April 7, 2014, Plaintiff filed a motion for reconsideration of the Court's March 18, 2014 Order.  Doc. no. 9.  The Court construes this as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 60(b).

In his Rule 60(b) motion for relief from judgment, Plaintiff provides the following clarification.  Plaintiff is involved in two separate criminal cases.  In 2010, he was charged with murder and attempted murder.  The trial for these charges is scheduled to begin on May 5, 2014.  While he was in jail on the murder charges,

he was convicted of assault. He is currently incarcerated in California State Prison-Sacramento for the assault conviction.

This civil rights case alleges claims related to the murder and attempted murder charges. He argues that, because he has not been convicted of these charges, Heck v. Humphrey does not bar his civil rights claims.[1]

Because Plaintiff has filed a notice of appeal, this Court lacks jurisdiction over his case. See Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2002) (once a notice of appeal is filed, district court loses jurisdiction over case). In Williams, the court explained, "To seek Rule 60(b) relief during the pendency of an appeal, 'the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case.'" Id.

The Court notifies Plaintiff it would entertain his motion for relief from judgment. However, it may not do so until Plaintiff files a motion in the Ninth Circuit to remand the case and the Ninth Circuit grants the motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from judgment is denied without prejudice to re-filing if this case is

---

[1] The Court notes that if Heck v Humphrey does not apply, abstention may be required under Younger v. Harris, 401 U.S. 37, 43-54 (1971) (federal courts may not enjoin pending state criminal prosecutions). In an action for damages involving a pending state criminal proceeding, Younger abstention may apply. See Gilbertson v. Albright, 381 F.3d 965, 980 (9th Cir. 2004). Where Younger abstention applies to a request for declaratory or injunctive relief, the claim must be dismissed; where Younger principles apply to a claim for damages, the action will be stayed, rather than dismissed. Id. at 981.

2

remanded by the Ninth Circuit Court of Appeals.  This Order terminates docket number 9.  The Clerk of the Court shall send a copy of this Order to Plaintiff and to the Ninth Circuit Court of Appeals.

    IT IS SO ORDERED.

Dated: 4/11/2014

    CLAUDIA WILKEN
    UNITED STATES DISTRICT JUDGE